UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CENOBIO HUMBERTO HERRERA, SR., <br><br> Defendant. | No. CR 02-531-RSWL <br><br> ORDER RE: (1) DEFENDANT'S REQUEST TO REPRESENT HIMSELF; AND (2) DETERMINATION PURSUANT TO AMELINE REMAND |

Defendant's Request to Represent Himself

First, with respect to defendant's request to represent himself for purposes of the limited remand ordered in United States v. Herrera, 219 Fed. Appx. 686 (9th Cir. June 23, 2007), and as ordered by the Ninth Circuit in its February 23, 2009 Order (in Case No. 08-50138), the Court has conducted a hearing as required by Faretta v. California, 422 U.S. 806 (1975). The Court has reviewed all of the relevant materials in the case file, including Defendant's "Substitution of Attorney and Declaration of Defendant Cenobio H.

Herrera, Sr. as Acting in Propria Persona, Sui Juris [Pro Se] Motion" (CR 265); Defendant's counsel's "Reply to Court's Order dated August 3, 2007 Re: Joint Status Report, Request to Be Relieved as Counsel of Record for Defendant Herrera" (CR 267); the Court's August 31, 2007 Order (CR 268); the Government's "Request for Hearing as to Remand Order" (CR 318); Defendant's "Petition for Review of Order Pursuant to FRAP 15" (CR 320); Defendant's "Motion for Appointment of Counsel after Remand from the Ninth Circuit" (CR 322); and Defendant's "Motion to Withdraw Motion to Appoint Counsel" (CR 329). The Court has heard from counsel for both parties, as well as from Defendant, at hearings on May 8, 2009 and May 20, 2009. Moreover, the Court has had the opportunity to observe Defendant's behavior on numerous previous occasions, including during a previous sentencing hearing at which Defendant sought, for a time, to represent himself.

Having considered all papers submitted, all arguments made, and the colloquies with counsel and Defendant, the Court hereby FINDS AS FOLLOWS:

1. At the May 20, 2009 hearing, Defendant stated unequivocally that he wishes to represent himself.

2. The Government advised Defendant, orally and in writing, regarding the nature of the charges for which Defendant was convicted. Defendant stated that he understood this information, and still wished to represent himself.

3.  The Government advised Defendant, orally and in writing, regarding the possible penalties for the offenses, including stating the statutory maximum terms of imprisonment and the applicable mandatory minimum terms of imprisonment, supervised release, fines, restitution, and special assessments and personal ineligibility and reduced family eligibility for certain state benefits and food stamp benefits.  The Government also advised Defendant regarding the actual sentence previously imposed by the Court.  The Defendant stated that he understood this information, and still wished to represent himself.

4.  The Court advised Defendant regarding the dangers and disadvantages of self-representation, both generally, and specifically in relation to the current limited <u>Ameline</u> remand.  The Government also provided this information to Defendant in writing, which Defendant stated that he had received and reviewed.  The Defendant stated that he understood this information, and still wished to represent himself.

5.  The Court further advised Defendant of the Rules of Procedure and Courtroom protocol that the Court intended to follow with respect to the remaining <u>Ameline</u> remand procedures.  The Government also provided this information to Defendant in writing, which Defendant stated that he had received and reviewed.  The Defendant stated that he understood this information, and still wished to represent himself.

1  6. Defendant's request is timely, and not made for
2 purposes of delay.
3  7. Defendant's request to represent himself is
4 knowing, voluntary and intelligent.
5  8. Defendant is literate, competent, and capable
6 of representing himself in this matter.
7  9. At the May 20, 2009 hearing, Defendant signed a
8 waiver of the right to counsel, which the Court now
9 makes a part of the record in this matter.
10  ACCORDINGLY, THE COURT ORDERS THAT Defendant may
11 represent himself for purposes of the limited remand
12 ordered in United States v. Herrera, 219 Fed. Appx. 686
13 (9th Cir. June 23, 2007).

Determination Pursuant to Ameline Remand

 Second, with respect to the limited remand itself, the Court has reviewed all relevant materials in the case file, including: the Court's personal knowledge relating to the trial in this matter and any documents filed therein; the documents filed and hearings held with respect to Defendant's initial sentencing on December 16, 2003; the Government's "Status Report Regarding Limited Remand Pursuant to United States v. Ameline" (CR 282); the Court's October 30, 2007 Order regarding the Ameline remand (CR 283); Defendant's "Motion to Set Aside Court's Ruling and Order after Consideration of Joint Status Reports, for Excusable Neglect and Good Cause" (CR 290); the Government's

"Opposition to Motion to Set Aside Judgement" (CR 298); the Court's March 6, 2008 Order Granting Defendant's Motion to Reconsider and Order Declining to Adjust Defendant's Previously Issued Sentence (CR 300); and Defendant's April 24, 2009 "Written Argument for Preservation of Record after Remand from the Circuit Court and Request for De Novo PSR and De Novo Resentencing" (CR 324).

On May 20, 2009, the Court asked both parties whether either side wished to file anything further regarding the limited remand, now that Defendant's self-representation had been established.  The Government stated that it would rely on previously filed documents.  Defendant stated that he had filed his April 24, 2009 "Written Argument" in anticipation of this hearing, and did not have anything further to add to that filing.

In this case, the Ninth Circuit has ordered a limited remand in this case pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005).  An Ameline remand serves to enable the Ninth Circuit to determine whether the Court committed plain error when it sentenced Defendant at a time before the Supreme Court held in United States v. Booker, 125 S. Ct. 738 (2005), that the United States Sentencing Guidelines were advisory.  To this end, the remand requires the Court initially to answer only a single question from the Circuit that will determine whether plain error

occurred: "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." Ameline, 409 F.3d at 1084.

The Ninth Circuit has made plain that the Ameline remand is a limited one. Ameline, 409 F.3d at 1079-80. If the Court determines that it would not have imposed a materially different sentence, the plain error inquiry is complete and resentencing is unnecessary. Id. at 1085. As such, the Court should rely on the existing record of evidence introduced at the defendant's original sentencing. United States v. Crosby, 397 F.3d 103, 120 (2d Cir. 2005), abrogation on other grounds recognized in United States v. Lake, 419 F.3d 111, 113 (2d Cir. 2005)(decision whether to resentence is "based on circumstances at the time of the original sentence"); Ameline, 409 F.3d at 1086 (adopting limited remand procedure articulated in Crosby). This principle was implicit throughout the Ameline opinion, which twice stated that the sentencing court presumably already knows the answer to the relevant question. Ameline, 409 F.3d at 1079-80. The Court should, though, invite written argument from counsel and defendant as to whether defendant's sentence would have been materially different from what it was under the mandatory guidelines, had the Court known that the Guidelines are advisory only. Id. at 1085.

Having reviewed and considered the entire file as stated above, and having the legal standards in mind, this Court FINDS AND ORDERS AS FOLLOWS:

1. The Court gave the parties the opportunity to file further argument regarding the <u>Ameline</u> question. Both parties stated that they would rely on previously filed documents, and needed no further opportunity to be heard.

2. Defendant has moved for preservation of documents and the record. Although it is not clear from defendant's motion which documents he wishes preserved, the Court believes that defendant has asked the Court to review the entire record and all documents filed in making its decision. The Court GRANTS this Motion, and takes judicial notice of all such documents and records.

3. Defendant has also moved for <u>de novo</u> pre-sentence report and <u>de novo</u> sentencing. However, as discussed above, the remand to this Court was limited. Unless the Court rules that defendant's sentence would have been materially different had the Court known that the Sentencing Guidelines were advisory, no expanded, or <u>de novo</u>, sentencing is appropriate. As the Court does not so rule, Defendant's Motion is DENIED.

4. With respect to the <u>Ameline</u> question posed, the Court would not have imposed a materially different sentence upon Defendant had the Court known that the Sentencing Guidelines were advisory at the time of

Defendant's original sentencing.  The Court has taken into consideration not only the Sentencing Guidelines, but also the factors set forth in 18 U.S.C. § 3553(a), as more explicitly discussed in the Government's filings at CR 282, 298.  The Court believes that the original sentence was reasonable and appropriate in light of these factors.

Defendant has urged the Court to consider his "age, exemplary and honorable military record, recidivism, family, disparity, [and] parsimony." (CR 324 at page 2, CR 290).  The Court does consider these factors.  In fact, each of these factors was known to the Court at the time of Defendant's original sentencing.  However, the Court continues to believe that the sentence imposed was the appropriate sentence, and would not have materially altered that sentence had it known that the Sentencing Guidelines were advisory.  The Court understands that it has the authority to consider and impose a non-Guidelines sentence, and declines to do so for the reasons set forth herein, in the Government's briefings in this matter, and in the Court's previous rulings.

Accordingly, it is ORDERED that Defendant's sentence remains the same.

IT IS SO ORDERED.

DATED: June 2, 2009            /s/
_____
HONORABLE RONALD S.W. LEW
SENIOR, U.S. DISTRICT COURT JUDGE