**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| United States of America, | ) | CR 02-00531-RSWL-1 |
| | ) | |
| Plaintiff, | ) | **ORDER re: DEFENDANT'S REQUEST TO RECONSIDER THE MAY 30, 2013, "ORDER RE: DEFENDANT'S REQUEST FOR PROOF OF CLAIM FROM THE U.S. ATTORNEY"** [428] **& MOTION TO DISMISS CRIMINAL CASE, VACATE JUDGMENT AND ORDER IMMEDIATE RELEASE FROM CUSTODY** [429] |
| v. | ) | |
| Cenobio H. Herrera, Sr., | ) | |
| Defendant. | ) | |

Currently before the Court are Defendant Cenobio H. Herrera's ("Defendant") Request to Reconsider the May 30, 2013 "Order Re: Defendant's Request for Proof of Claim from the U.S. Attorney" [428] and Motion to Dismiss Criminal Case, Vacate Judgment and Order Immediate Release from Custody [429]. Having reviewed all papers submitted pertaining to both the Request and the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** Defendant's Request and Motion are **DENIED**.

///

1

## I. BACKGROUND

On March 19, 2003, Defendant was convicted by a jury for: conspiracy to aid and abet the manufacture of more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(c)(2), and 18 U.S.C. § 2; illegal possession of pseudoephedrine in violation of 21 U.S.C. § 841 (c)(2); and conspiracy to commit money laundering and substantive money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957 [130, 133]. This Court entered judgment against Defendant on December 22, 2003 [183], and sentenced him to 360 months imprisonment [182].

Since receiving his sentence, Defendant has filed numerous motions challenging, *inter alia*, this Court's subject matter jurisdiction. See Dkt. ## 219, 235, 245, 286, 294, 416. On April 25, 2013, Defendant filed a Request for Proof of Claim, which essentially amounted to another challenge of this Court's subject matter jurisdiction [416]. The Court denied Defendant's Request on May 30, 2013 [427]. On June 12, 2013, Defendant filed the present Request to Reconsider the Court's May 30, 2013, Order [428] and Motion to Dismiss Criminal Case, Vacate Judgment, and Order Immediate Release from Custody [429]. Both the Request

and the Motion are grounded on Defendant's contention that because the Government did not rebut Defendant's affidavit and "stipulated answers" in his Request for Proof of Claim, the Government "acquiesced" to Defendant's assertion that the Court lacks subject matter jurisdiction in this case. Based thereupon, Defendant argues that the Court erroneously denied his Request for Proof of Claim [428] and that his judgment and sentence should be vacated due to the Court's lack of subject matter jurisdiction [429]. The Government submitted its Opposition to Defendant's Request and Motion on June 28, 2013 [432]. No reply was filed by the Defendant.

## II.  ANALYSIS

As an initial matter, the Court addresses Defendant's contention that the Court "failed to see" or "ignored" the "Subject Matter Jurisdiction Challenge on the Original Case" that Defendant allegedly filed with the Court on April 25, 2013. The Court never received such a pleading from Defendant. However, Defendant's Request for Proof of Claim [416] clearly indicated that Defendant was challenging the Court's subject matter jurisdiction, and the Court's May 30, 2013, Order responded to the challenge as such.

Next, applying Local Civil Rule 7-18 to Defendant's Request to Reconsider (see United States v. Mendez, No. CR-07-00011-MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008) (applying L.R. 7-18 to a criminal motion for

1  reconsideration because "[i]n this district, motions
2  for reconsideration are covered by Local Rule 7-18)),
3  Defendant has not demonstrated that there are grounds
4  on which the Court may appropriately reconsider its May
5  30, 2013, Order.  For the Court to reconsider its
6  Order, Defendant must show a material difference in
7  fact or law from that which was originally presented to
8  the Court; new material facts or a change in law that
9  occurred after the Court's May 30, 2013, Order; or
10 failure of the Court to consider material facts that
11 had been presented to the Court before issuing its
12 Order.  L.R. 7-18.  Defendant does not argue that any
13 of these situations apply here.  Instead, Defendant
14 merely contends that the Court should reconsider its
15 Order because the Government did not file an Opposition
16 that directly rebutted Defendant's affidavit and his
17 "stipulated answers" in the manner that he dictated.
18 However, Defendant provides no legal support for his
19 position that the Government was required to oppose his
20 Request for Proof of Claim in the format that he
21 specifically preferred or that the Government has, in
22 fact, stipulated to Defendant's arguments regarding the
23 Court's subject matter jurisdiction.
24      Moreover, the Ninth Circuit has held that, in order
25 to grant a motion to reconsider, there must be "[a]
26 substantial change of evidence, intervening change of
27 law, other change of circumstances, [a] showing of
28 clear error, or [a] showing of a manifest injustice."

1  United States v. Alexander, 106 F.3d 874, 878 (9th Cir.
2  1997).  Defendant has offered no such proof here.
3  Thus, based on the aforementioned, the Court **DENIES**
4  both Defendant's Request to Reconsider the May 30,
5  2013, Order Re: Defendant's Request for Proof of Claim
6  from the U.S. Attorney [428] and his Motion to Dismiss
7  Criminal Case, Vacate Judgment and Order Immediate
8  Release from Custody [429], the latter of which is
9  entirely based on Defendant's erroneous assumption that
10 the Government and Defendant are in agreement on the
11 Court's lack of subject matter jurisdiction in this
12 case, which they are not.

### III. CONCLUSION

   For the reasons stated above, the Court **DENIES** Defendant's Request to Reconsider [428] and his Motion to Dismiss [429].

**IT IS SO ORDERED.**

DATED: August 2, 2013

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge