|   |   |
|---|---|
|   | O |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>CENOBIO H. HERRERA, SR., et al.,<br><br>            Defendants. | CR 02-531-RSWL-2<br><br>**ORDER re: Defendant Cenobio Herrera's Motion for Sentence Reduction** [486]; **Motion to Appoint Counsel** [485] |

Currently before the Court is Defendant Cenobio Herrera's ("Defendant") *pro se* Motion to Appoint Counsel [485] and Motion for Sentence Reduction [486] pursuant to 18 U.S.C. § 3582(c)(1)(B). Defendant bases his Motion on (1) the First Step Act, Pub. L. No. 115-391 and (2) Amendment 782 to the Sentencing Guidelines.

### I. Background

In May 2002, Defendant was indicted for: conspiracy

to aid and abet the manufacture of more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), 841(c)(2), and 18 U.S.C. §2; illegal possession of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2); and conspiracy to commit money laundering and substantive money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957 [1]. On March 19, 2003, a jury convicted Defendant on all counts of the indictment [130, 133]. This Court entered judgment against Defendant on December 22, 2003 [183], and sentenced him to 360 months imprisonment [182].

## II. Discussion

### A. Motion to Appoint Counsel

The constitutional right to counsel extends only through a criminal defendant's first appeal; after that, "the decision whether to appoint counsel rests in the discretion of the district court." United States v. Richardson, 569 F. App'x 504, 504-05 (9th Cir. 2014) (internal quotation marks omitted); see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990) ("Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions").

Defendant is not entitled to appointment of counsel to assist him with his Motion. See Richardson, 569 F. App'x at 504-05. Upon review, Defendant's Motion does not contain any complex issues requiring assistance of counsel, and no other circumstances surrounding Defendant or his Motion persuade the Court that appointment of counsel is appropriate.

**B.  First Step Act**

The Court denies Defendant's Motion to the extent that he seeks a sentence reduction pursuant to the First Step Act. First, while "[t]here are a number of reforms in the First Step Act . . . Section 404 is the only provision that applies retroactively to defendants who have already been sentenced." United States v. Gonzalez-Oseguera, No. CR 06-00593 HG-01, 2019 WL 1270916, at *2 (D. Haw. Mar. 19, 2019). However, Section 404 of the First Step Act only applies to cocaine-based offenses and Defendant was not convicted of a cocaine-based offense. See United States v. Huy Trinh, No. 10-cr-00385-SI-1, 2019 WL 2061104, at *1 (N.D. Cal. May 9, 2019)("Defendant is not eligible for a sentence reduction under the First Step Act because he was convicted of an offense involving marijuana, not crack cocaine.").

Second, Defendant points to the fact that he is an "elderly offender", presumably in hopes of taking advantage of the First Step Act's elderly offender

reunification provision, which provides for the possible early release to home detention of certain elderly offenders who are at least sixty years of age, serving a prison term of less than life, and who have served at least two-thirds of their prison term. See 34 U.S.C. § 60541(g)(5). However, Defendant is not eligible for such relief because he has not yet served two-thirds of his prison term, and even if he had, the Court is not in a position to adjust his sentence or the method of his imprisonment since the "statute merely grants the Attorney General discretion to release eligible elderly offenders." United States v. Tikal, No. 12-cr-000362-TLN-KJN, 2019 WL 3035557, at *4 (E.D. Cal. July 11, 2019); United States v. Perez-Asencio, No. 18CR3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019) (quotations omitted) ("Title 18, U.S.C. § 3582(c)(1)(B) only permits courts to modify an imposed term of imprisonment, not the method of incarceration and Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement.").

**C.  Amendment 782 to Sentencing Guidelines**

As to Defendant's request for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines, the Court sets the following briefing schedule:

Government's Opposition: **August 16, 2019**

Defendant's Optional Reply: **September 16, 2019**

### III. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Request to Appoint Counsel.  The Court **DENIES in part** Defendant's Motion to reduce his sentence pursuant to the First Step Act, and sets the aforementioned briefing schedule as to Defendant's request to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines.

**IT IS SO ORDERED.**

DATED: July 29, 2019

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge