1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 UNITED STATES OF AMERICA,  )  CR 02-531-RSWL-2
                        )

13           Plaintiff,   )
                        )  **ORDER re: Defendant**

14                         )  **Cenobio Herrera's Motion**
    v.                )  **for Sentence Reduction**

15                         )  [486];**Petition to Amend**
                        )  **Motion** [493]

16 CENOBIO H. HERRERA, SR., et )
al.,                     )

17                         )
         Defendants.  )

18                         )
                        )

19                         )
                        )

20                         )

21     Currently before the Court is Defendant Cenobio

22 Herrera's ("Defendant") *pro se* Motion for Sentence

23 Reduction based on Amendment 782 to the United States

24 Sentencing Guidelines ("USSG") [486] and Petition to

25 Amend Motion for Sentence Reduction [493].[1]

26 _____

27     [1] Defendant's Motion for Sentence Reduction was initially
based on the First Step Act and Amendment 782 to the United

28 States Sentencing Guidelines. <u>See</u> ECF No. 486.  On July 29,
2019, this Court issued an Order holding that the First Step Act

                               1

1    First, the Court finds that Defendant is not

2 eligible for a sentence reduction under Amendment 782

3 because the guidelines range applicable to him is not

4 changed by Amendment 782.  The original Pre-Sentence

5 Report ("PSR") relied on the Guidelines Manual that was

6 in effect on November 1, 1997, in which an offense level

7 of 38 was applied to offenses involving in excess of 15

8 kilograms of methamphetamine.  USSG § 2D1.1 (Nov. 1997).

9 The Post-Amendment 782 guidelines, as stated in the

10 current edition of the Guidelines Manual effective

11 November 1, 2018, applies an offense level of 38 to

12 offenses involving in excess of 45 kilograms of

13 methamphetamine.  Defendant's offense involved 1,762.9

14 kilograms of methamphetamine, and thus under either

15 Guidelines Manual, the highest level offense of 38

16 applies to him.  See PSR ¶ 88, ECF No. 498.

17 Accordingly, the Court **DENIES** Defendant's Motion for

18 Sentence Reduction pursuant to Amendment 782.

19    The Court further **DENIES** Defendant's Petition to

20 Amend Motion for Sentence Reduction.  The arguments and

21 case law relied upon by Defendant are either entirely

22 irrelevant to Defendant's request for a sentence

23 reduction, or are simply redundant of the arguments

24 already made by Defendant regarding the alleged

25 applicability of Amendment 782 and the First Step Act.

26

27

28

does not apply to Defendant, and setting a briefing schedule
regarding Defendant's request for a sentence reduction pursuant
to Amendment 782.  See ECF No. 492.

1  The Court has concluded that neither Amendment 782 nor

2  the First Step Act apply to Defendant, and none of the

3  authority cited by Defendant persuades the Court

4  otherwise.

5      In sum, the Court **DENIES** Defendant's Motion for

6  Sentence Reduction and **DENIES** Defendant's Petition to

7  Amend Defendant's Motion for Sentence Reduction.

8

9

10 **IT IS SO ORDERED.**

11                                 **/s/ RONALD S.W. LEW**

12 DATED: October 10, 2019        _____

13                                **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  3