1
2
3
4
5
6
7
8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10
11
12  UNITED STATES OF AMERICA,    )   CR 02-531-RSWL-1
                                 )
13                               )
                                 )
14               Plaintiff,      )   **ORDER RE: DEFENDANT'S**
                                 )   **MOTION TO REDUCE**
15       v.                      )   **SENTENCE PURSUANT TO 18**
                                 )   **U.S.C.**
16                               )   **§ 3582(c)(1)(A)(i)** [511]
                                 )
17  CENOBIO H. HERRERA, SR., et  )
    al.,                         )
18                               )
                 Defendants.     )
19                               )
                                 )
20  _____ )

21       Currently before the Court is Defendant Cenobio H.

22  Herrera Sr.'s ("Defendant") Motion to Reduce Sentence

23  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion")

24  [511], filed on January 23, 2020.  Having reviewed all

25  papers submitted pertaining to this Motion, the Court

26  **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES**

27  Defendant's Motion.

28  ///

                                1

**I. BACKGROUND**

In May 2002, Defendant was indicted for: conspiracy to aid and abet the manufacture of more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), 841(c)(2), and 18 U.S.C. §2; illegal possession of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2); and conspiracy to commit money laundering and substantive money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957 [1]. On March 19, 2003, a jury convicted Defendant on all counts of the indictment [130, 133]. This Court entered judgment against Defendant on December 22, 2003 [183], and sentenced him to 360 months' imprisonment [182]. Upon release from imprisonment, Defendant shall be placed on supervised release for a term of five years [182].

**II. DISCUSSION**

**A.  Legal Standard**

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, was enacted in 2018 and permits a defendant to directly petition the district court for a sentence reduction under the compassionate release statute. See 18 U.S.C. § 3582(c)(1)(A).  18 U.S.C. § 3582(c)(1)(A) incorporated the following procedures with respect to requests for compassionate release:

2

> The court may not modify a term of imprisonment
> once it has been imposed except that the court,
> upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after
> the defendant has fully exhausted all
> administrative rights to appeal a failure of
> the Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from
> the receipt of such a request by the warden of
> the defendant's facility, whichever is earlier,
> may reduce the term of imprisonment (and may
> impose a term of probation or supervised
> release with or without conditions that does
> not exceed the unserved portion of the original
> term of imprisonment), after considering the
> factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds
> that . . . extraordinary and compelling reasons
> warrant such a reduction . . . and that such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing
> Commission . . . .

The statute establishes a three-step process for Courts to evaluate a defendant's request for compassionate release.  First, a defendant must exhaust his or her administrative remedies by either "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or waiting until thirty days have lapsed "from the receipt of such request by the warden of the defendant's facility" to reduce the term of imprisonment.  Id.  Second, the district court evaluates whether "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  Id.  Third, the district court considers the sentencing factors outlined in "section 3553(a) to the extent that they are

3

applicable." <u>Id.</u>

The defendant "bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." <u>U.S. v. Greenhut</u>, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing <u>U.S. v. Sprague</u>, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**B.  Discussion**

1.  <u>Exhaustion of Administrative Remedies</u>

The parties do not dispute that Defendant exhausted his administrative obligations.  Defendant made an administrative request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in April 2017, which was denied on September 21, 2017.  <u>See</u> Opp'n 5:18-6:10, ECF No. 516 ("[T]he government believes that it is appropriate to proceed to the merits of defendant's motion. . . . there is no reason to believe that additional development of the administrative record will be of assistance . . . .").[1]

---

[1] Defense Counsel's supplemental brief argues that Defendant is entitled to relief in part because his age and medical conditions make him particularly susceptible to COVID-19.  <u>See</u> Supp. Brief 1:2-9, ECF No. 529.  While the Court acknowledges the unprecedented circumstances presented by the pandemic currently sweeping the nation and the concerns of the prison population, Defendant's 2017 administrative request with the BOP did not, and could not have, specify the COVID-19 concerns presented in the Supplemental Briefing.  As such, the BOP has not yet been given the opportunity to review those concerns as Defendant never sought compassionate relief on this basis.  Defendant's April 2017 request cannot be used to satisfy the administrative exhaustion requirement for any request for compassionate relief, which he later seeks to file with this Court.  Therefore, to the

4

2.   <u>Extraordinary and Compelling Reasons</u>

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Congress never explicitly defined "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" is insufficient. 18 U.S.C. § 994(t).  Instead, Congress directed the Sentencing Commission to define the term.

Section 1B1.13 of the United States Sentencing Guidelines ("U.S.S.G.") contains policy statements issued by the Sentencing Commission that relate to compassionate release.  Those policy statements, which have not been amended since the First Step Act, state that "the court may reduce a term of imprisonment . . . if, after considering the factors set for in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that–

(1) (A) Extraordinary and compelling reasons warrant the reduction . . .

---

extent that Defendant's request is predicated upon relief in response to the COVID-19 crisis, the Motion is **DENIED** for failure to exhaust administrative remedies.  <u>See</u> <u>U.S. v. Allen</u>, 1:19-cr-98-10, 2020 WL 1878774, at *1 (N.D. Ohio April 15, 2020) (finding court lacked the authority to review the defendant's motion for compassionate release related to COVID-19 because the defendant had failed to comply with the exhaustion and 30-day statutory requirements); <u>U.S. v. Schultz</u>, 17-cr-193S, 2020 WL 1872352, (W.D.N.Y April 15, 2020) (denying the defendant's compassionate release motion without prejudice because the defendant failed to satisfy the mandatory exhaustion provisions of the statute).

(2) The defendant is not a danger to the safety of any other persons or to the community, as provided in 18 U.S.C § 3142(g); and

(3) The reduction is consistent with this policy statement."

Subsections (A) to (C) of the Application Notes to section 1B1.13 outline three specific circumstances of "extraordinary and compelling reasons": (A) the defendant is suffering from a terminal or serious illness, which substantially diminishes the defendant's ability to provide self-care within the correctional facility and from which the defendant is not expected to recover; (B) the defendant is at least 65 years old with serious deterioration in physical or mental health because of the aging process, and has served at least ten years or 75 percent of his or her term of imprisonment, whichever is less; or (C) two family related circumstances. <u>See</u> <u>id.</u> app. n1 (A)-(C). The policy statement also includes a catch all provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdividisons (A) through (C)." <u>Id.</u> app. n1 (D).

Here, Defendant argues that he is entitled to sentence reduction under section 3582(c)(1)(A) for three reasons: (1) he received an unusually long and unjustified sentence; (2) he was sentenced to an unreasonably long term because he "exercised his constitutional right to a jury"; and (3) his "remarkable record of rehabilitation." <u>See</u> Mot. 2-3,

16.   None of these arguments provide a basis for compassionate relief.   Additionally, Defendant also briefly mentions that he suffers from a variety of medical conditions including congestive heart failure. Id. at 17.

In response, the Government argues that no "extraordinary and compelling" medical condition exists justifying compassionate release.   While it is true that Defendant does not currently have a medical condition which substantially impacts his ability to self-care in his facility, the Government's argument ignores that Defendant meets the criteria outlined in Application Note 1(B).   See U.S.S.G. 1B1.13, app. n.1(B) ("the defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less).   Unlike Application Note 1(A), which the Government exclusively relies, Application Note 1(B) does not require Defendant's health condition be extreme or terminal.   Application Note 1(B) simply requires that "the age-related deterioration to be 'serious.'"   U.S. v. Hansen, 07-CR-0520(KAM), 2020 WL 1703672, at *7 (E.D.N.Y. April 8, 2020) (citation omitted).

Defendant is currently seventy-five years old, suffers from a number of severe medical conditions, and

has served well over ten years of his sentence.   In
2017, Dr. Kenneth Russell evaluated Defendant and noted
Defendant's extensive past medical and surgical
history.   See Dr. Russell Memo., Ex. B in Supp. of
Opp'n ("Medical Eval.") 1, ECF No. 516-2.   Among other
conditions, Defendant suffers from hypertension, heart
failure, aortic valve disorders with valve replacement,
hyperlipidemia, and gout.   Id.   In 2012, Defendant had
a 3V CABG and subsequently in 2017 underwent an aortic
valve replacement.   Id.   Additionally, in the
memorandum denying Defendant's request for
compassionate release, Warden Steve Langford
acknowledged that Defendant is being treated for
"serious medical conditions."   See Mem. Denying Def.'s
BOP Request for Compassionate Release, Ex. C in Supp.
of Opp'n ("BOP Review Mem."), ECF No. 516-3.   Further,
the BOP found that Defendant suffers from chronic or
serious medical conditions related to the aging
process.   See Def.'s Compassionate Relief Request, Ex.
A in Supp. of Opp'n ("Comp. Release Request") 7, ECF
No. 516-1.   As such, the Court finds extraordinary and
compelling reasons exist favoring compassionate release
under U.S.S.G. 1B1.13 Application Note 1(B).   See
Hansen, 2020 WL 1703672, at *7 (E.D.N.Y. April 8, 2020)
(finding extraordinary and compelling reasons because
the defendant was 72-years-old, had served more than
ten years of his mandatory twenty year sentence and
suffered from serious, age-related deterioration

including hyperlipidemia, tuberculosis, glaucoma, high
blood pressure, type II diabetes, and memory loss).

   3.   The Section 3553 Factors

      Simply finding that "extraordinary and compelling"
reasons exist does not automatically entitle a
defendant to compassionate release.  Despite finding
that extraordinary and compelling reasons exist, here
the Court finds that the section 3553(a) factors
disfavor compassionate release.  18 U.S.C. § 3553(a)
provides the Court with a set of factors to be
considered during the original sentencing and which
need be reconsidered when evaluating compassionate
release.   The statute provides:

   (a) Factors To Be Considered in Imposing a
      Sentence. — The court shall impose a sentence
      sufficient, but not greater than necessary, to
      comply with the purposes set forth in paragraph
      (2) of this subsection. The court, in
      determining the particular sentence to be
      imposed, shall consider—

      (1) the nature and circumstances of the
          offense     and the history and
          characteristics of the defendant;

      (2) the need for the sentence imposed—

          (A) to reflect the seriousness of the
              offense, to promote respect for the
              law, and to provide just punishment
              for the offense;

          (B) to afford adequate deterrence to
              criminal conduct;

          (C) to protect the public from further
              crimes of the defendant; and

          (D) to provide the defendant with needed
              educational or vocational training,
              medical care, or other correctional

treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)).

Here, Defendant fails to carry his burden to justify why compassionate release is warranted in light of these factors.  Given the severity of Defendant's crime and the circumstances surrounding the offenses, the Court finds that the section 3553(a) factors favor denying Defendant's Motion.

Defendant has a criminal record dating back to the early 1980s and previously participated in a multi-million dollar investment fraud in 1994 prior to the conduct giving rise to the instant Action.  See Pre-Sentence Report ("PSR") ¶ 27.  Additionally, the PSR requested a 4-level enhancement because Defendant was found to be the organizer or leader of the criminal offense.  Id. ¶ 91.  While the Court is aware that the

parties are familiar with the facts of this Action, it
is critical to emphasize the sheer amount of
pseudoephedrine associated with the offenses.
According to the calculations outlined by the National
Drug Intelligence Center, the amount of pseudoephedrine
involved would yield approximately 1,762.9 kilograms of
methamphetamine, well above the "15 kilograms or more"
specified in the highest guidelines at the time of
sentencing.  Id. ¶ 88.

     Additionally, Defendant's sentence was previously
affirmed by the Ninth Circuit.  See Ninth Cir. Mem.,
ECF No. 400.  All the while, Defendant has filed over
25 motions and petitions with the Court alleging
various defects with his conviction and sentence.  See,
e.g., ECF Nos. 184, 301, 336, 414, 416, 486.  Even in
the instant Motion, Defendant chooses to attack his
sentence stating that he was "sentenced to prison for
three decades . . . [because] . . . he exercised his
constitutional right to a jury trial."  Mot. 2.
Defendant does not appear to appreciate the severity of
his offenses and still has over one third of his
sentence remaining.  The requested relief undermines
the need to "promote respect for the law," "afford
adequate deterrence to criminal conduct," and "avoid
unwarranted sentence disparities."  18 U.S.C. §
3553(a).

     Ultimately, Defendant bears the initial burden to
put forth evidence that establishes an entitlement to

11

1   sentence reduction and he has failed to do so.[2]

2   Defendant makes vague generalizations about why he is

3   deserving of compassionate release without seeming to

4   understand the circumstances and severity of his

5   actions.  Having considered the Section 3553(a)

6   factors, the Court finds that while Defendant qualifies

7   under U.S.S.G. 1B1.13 Application Note 1(B), given the

8   severity of his offenses, compassionate release is

9   improper.[3]  See U.S. v. Willis, 382 F. Supp. 3d 1185,

10  1189 (D.N.M. 2019) (finding seriousness of defendant's

11

---

12      [2] Defense Counsel makes general claims regarding Defendant's
13  release plan.  See Supp. Brief 9:2-11.  But this plan fails to
    provide the Court with adequate information and runs in direct
14  conflict with Defendant's own statement that "that [his] family
    has already abandoned [him] . . . ."  Reply 4, ECF No. 518.
15  Defendant's lack of a clear release plan is further evidence that
    Defendant has failed to meet his burden to justify sentence
16  reduction.

17      [3] The Sentencing Commission's pre-First Step Act policy
18  statement provides that compassionate release is appropriate
    where "the defendant is not a danger to the safety or any other
19  person or to the community" as provided in 18 U.S.C. § 3142(g).
    See U.S.S.G. § 1B1.13(2).  Defendant states that he is "a
20  statically good candidate for release"; however, this ignores
    that in 2013 the BOP Unit Team believed that if released,
21  Defendant would rapidly resume participating in new criminal
    activity.  See Comp. Release Request 9.  Defendant argues that
22  the BOP Unit Team's finding was based entirely on likely Grade C
    violations of supervision that occurred more than twenty years in
23  the past and claims that these incidents are "hardly indicative
    of [Defendant's] likelihood of success on supervision at the age
24  of 75."  Supp. Brief 7:3-12.  But the Court is unable to conclude
    given the severity of Defendant's offense and his apparent lack
25  of remorse, which is highlighted by Defendant's comment that he
26  "was given horrendously long term of imprisonment that has not
    taught [him] anything new or better to improve [his] life. . . ,"
27  Reply 4, that Defendant is not a danger to the community should
    he be released.
28

offenses and his limited period of incarceration precluded compassionate release irrespective of defendant's health conditions); <u>U.S. v. Esparaza</u>, 1:07-cr-0294-BLW, 2020 WL 1696084, at *3-4 (D. Idaho April 7, 2020) (finding compassionate release not appropriate despite defendant's health problems because court could not conclude that defendant is not a danger to the safety of the community given the seriousness of his drug trafficking conviction).

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**

DATED: April 24, 2020          /s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge