'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 02-531-RSWL-1 |
|---|---|
| Plaintiff, | **ORDER re: Motion to Reduce Sentence** [570] |
| v. | |
| CENOBIO H. HERRERA, SR., et al., | |
| Defendants. | |

On December 18, 2003, Defendant Cenobio Herrera ("Defendant") was sentenced to 360 months' imprisonment. On March 4, 2022, Defendant filed the instant Motion to Reduce Sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3585 ("Motion") [570]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

In May 2002, Defendant was indicted for: (1) conspiracy to aid and abet the manufacture of more than

500 grams of a mixture or substance containing a detectable amount of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), 841(c)(2), and 18 U.S.C. § 2; (2) illegal possession of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2); and (3) conspiracy to commit money laundering and substantive money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957 [1]. On March 19, 2003, a jury convicted Defendant on all counts of the indictment [130, 133]. This Court entered judgment against Defendant on December 22, 2003 [183] and sentenced him to 360 months' imprisonment [182] with five years' supervised release [182].

    In April 2019, Defendant filed a Motion to Reduce Sentence Pursuant to the First Step Act [486], noting that he is an "elderly offender." The Court denied the motion [492], explaining that Defendant was not eligible for relief under the First Step Act's elderly offender reunification provision because he had not yet served two-thirds of his sentence, and that provision did not empower the Court to adjust his sentence in any event. Defendant again moved for a reduction in sentence [511] in April 2020, which the Court denied [536] after consideration of the 18 U.S.C. § 3553(a) factors. Defendant filed a renewed motion for reduction in sentence [546] in May 2020, which the Court again denied

[557] after further consideration of the § 3553(a) factors.

## II. DISCUSSION

**A. <u>Legal Standard</u>**

    1. <u>The Elderly Offender Pilot Program</u>

The Attorney General of the United States is authorized to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders" from Bureau of Prisons ("BOP") facilities and placing the offenders on home detention for the remainder of their prison term. 34 U.S.C. § 60541(g)(1)(A). In carrying out this program, the Attorney General may release eligible elderly offenders from BOP facilities to home detention upon written request from either the BOP or an eligible elderly offender. Id. § 60541(g)(1)(B).

The First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238–41 (2018), amended the eligibility requirements for the pilot program, allowing offenders to participate if they are a nonviolent offender, at least sixty years of age, serving a prison term of less than life, and have served at least two-thirds of their prison term. See 34 U.S.C. § 60541(g)(5). In determining whether an offender may qualify for early release under this program, the BOP must also consider factors such as whether the offender has attempted to escape from a BOP institution, whether the offender's early release to home detention has cost

1 benefits, and whether the offender is at risk of
2 engaging in criminal conduct if released to home
3 detention. Id.
4     2. The CARES Act
5     18 U.S.C. § 3624(c)(2) authorizes the BOP to place
6 a prisoner in home confinement when the prisoner is
7 nearing the end of his sentence. The 2020 CARES Act
8 gives the BOP authority to place prisoners in home
9 confinement earlier if the Attorney General finds the an
10 emergency exists. Smith v. Von Blanckensee, No. 20-cv-
11 4642-JVS-JEM, 2020 WL 4370954, at *2 (C.D. Cal. July 2,
12 2020); CARES Act, Pub. L. No., 116-136, § 12003(b)(2),
13 134 Stat. 281, 516 (March 27, 2020). In April 2020, the
14 Attorney General directed the BOP to use this expanded
15 authority "to protect vulnerable inmates and prevent or
16 control the spread of [COVID-19]." United States v.
17 Oscar, No. 19-cr-00021, 2021 WL 864948, at *3 (D. Or.
18 Mar. 8, 2021) (citing Atty. Gen. William Bar, Increasing
19 Use of Home Confinement at Institutions Most Affected by
20 COVID-19 (Apr. 3, 2020),
21 https://www.justice.gov/file/1266661/ download).
22     3. Compassionate Release
23     The First Step Act permits a defendant to directly
24 petition the district court for a sentence reduction
25 under the compassionate release statute. See 18 U.S.C.
26 § 3582(c)(1)(A). The statute establishes a three-step
27 process for courts to evaluate a defendant's request for
28 compassionate release. First, a defendant must exhaust

his or her administrative remedies by either "exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or waiting until thirty days have lapsed "from the receipt of such request by the warden of the defendant's facility" to reduce the term of imprisonment. Id. Second, the district court evaluates whether "extraordinary and compelling reasons warrant such a reduction" and whether such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Id. Third, the district court considers the sentencing factors outlined in "section 3553(a) to the extent that they are applicable." Id.

The defendant "bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States. v. Greenhut, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**B. Discussion**

Defendant argues that his sentence should be reduced pursuant to: (1) the Elderly Offender Pilot Program, (2) the CARES Act, or (3) the compassionate release provisions of 18 U.S.C. § 3582. See generally Mot. to Reduce Sentence ("Mot."), ECF No. 570. None of Defendant's theories are persuasive, and the Court therefore **DENIES** the Motion.

### 1. First Step Act

Defendant first requests to be released as an elderly offender under 34 U.S.C. § 60541(g). Mot. at 1-2. Defendant argues that the First Step Act mandates that elderly offenders only serve two-thirds of their sentence, and therefore the Court should order Defendant's immediate release. Id. at 1-2. Defendant is mistaken.

The First Step Act grants the Attorney General discretion to release prisoners after serving two-thirds of their sentence. 34 U.S.C. § 60541(g). However, as the Court explained in its previous order, this statute does not empower the Court to release Defendant as an elderly offender. See Order re: Def. Cenobio Herrera's Mot. for Sentence Reduction and Mot. to Appoint Counsel, ECF No. 492. Other courts have similarly recognized that § 60541(g) grants the Attorney General, not the courts, discretion to release eligible elderly offenders. See, e.g., United States v. Herrera, CR 01-531-RSWL-2, 2019 WL 3428835, at *1 (C.D. Cal. July 29, 2019) (citing United States v. Tikal, No. 12-cr-000362-TLN-KJN, 2019 WL 3035557, at *4 (E.D. Cal. July 11, 2019); United States v. Perez-Asencio, No. 18CR3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019)). Accordingly, the Court cannot grant Defendant's requested relief under the First Step Act.

### 2. CARES Act

Defendant next requests immediate release to home

confinement pursuant to the CARES Act. Mot. at 2. However, federal courts do not have discretion to decide where a prisoner's sentence is served. See 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."); 18 U.S.C. § 3625 (providing that the Administrative Procedures Act does "not apply to the making of any determination, decision, or order under this subchapter"). Based on this statutory language, the Ninth Circuit has held that the decision to release a prisoner to home confinement rests with the BOP alone. Reeb v. Thomas, 636 F.3d 1224, 1226-28 (9th Cir. 2011).

Indeed, the CARES Act provides in relevant part that the "Director of the Bureau of Prisons shall, to the extent practicable" place the prisoner in home confinement for the last six months of their sentence. 18 U.S.C. § 3624(c)(2). Accordingly, the Court lacks the authority to grant Defendant's requested relief under the CARES Act because such a request must be made to the Director of the BOP. See United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (holding the BOP has statutory authority to determine where prisoners serve their sentence); Rand v. Carvajal, No. 2:21-cv-00720-AB (AFM), 2021 WL 3411198, at *2 (C.D. Cal. May

12, 2021) ("Congress gave the Attorney General, and by designation the BOP, exclusive authority to determine custody placements including placement in home confinement."). Thus, the Court cannot grant Defendant's requested relief under the CARES Act.

3. Compassionate Release

Finally, Defendant appears to ask the Court to grant him compassionate release. See United States v. Seesing, 234 F.3d 456, 462-63 (9th Cir. 2000) (citation omitted) ("Pro se complaints and motions from prisoners are to be liberally construed."). Defendant states he "suffers from underlying conditions which make him vulnerable to the COVID-19 virus, and his life is in danger." Mot. at 1. To the extent Defendant argues for compassionate release under 18 U.S.C. § 3582(c), it appears Defendant has failed to exhaust his administrative remedies because he has not filed a renewed request with the BOP for compassionate release. See Opp'n 7:16-8:26, ECF No. 575. Thus, Defendant's request for compassionate release must be denied. See United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[The] administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government.").

Moreover, Defendant has introduced no new facts that would change this Court's prior determination that application of the 18 U.S.C. § 3553(a) sentencing factors weigh against compassionate release here. See

generally Mot.; Order re: Def.'s Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1), ECF No. 557. Therefore, Defendant's Motion fails on the merits and is **DENIED** on this additional basis.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

DATED: May 9, 2022                   /s/ Ronald S.W. Lew
                                    _____
                                    **HONORABLE RONALD S.W. LEW**
                                    Senior U.S. District Judge