'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 02-531-RSWL-1 |
|---|---|
| Plaintiff, | **ORDER re: Defendant Cenobio Herrera's Motion for Sentence Reduction** [595]; **Petition to Amend** Motion [606]; **Motion to Compel Judgment** [615] |
| v. | |
| CENOBIO HUMBERTO HERRERA, SR., | |
| Defendant. | |

　　Currently before the Court is Defendant Cenobio Herrera's ("Defendant") *pro se* Motion for Sentence Reduction ("Motion") based on Amendment 782 to the United States Sentencing Guidelines ("USSG") and the First Step Act [595], his Petition to Amend Motion for Sentence Reduction ("Petition") [606], and his Motion to Compel Judgment [615].

　　First, the Court finds that Defendant is not eligible for a sentence reduction under Amendment 782

1

1  because the guidelines range applicable to him is not
2  changed by Amendment 782.  The original Pre-Sentence
3  Report ("PSR") relied on the Guidelines Manual that was
4  in effect on November 1, 1997, in which an offense level
5  of 38 was applied to offenses involving in excess of 15
6  kilograms of methamphetamine.  USSG § 2D1.1 (Nov. 1997).
7  The Post-Amendment 782 guidelines, as stated in the
8  current edition of the Guidelines Manual effective
9  November 1, 2021, applies an offense level of 38 to
10 offenses involving in excess of 45 kilograms of
11 methamphetamine.  Defendant's offense involved 1,762.9
12 kilograms of methamphetamine, and thus under either
13 Guidelines Manual, the highest level offense of 38
14 applies to him.  See PSR ¶ 88, ECF No. 498; U.S.S.G.
15 § 2D1.1 (Nov. 2021).
16     This Court already determined that Defendant is not
17 eligible for a sentence reduction under Amendment 782 in
18 2019.  See Order Denying Def.'s Mot. for Reduction of
19 Sentence, ECF No. 502.  While the Sentencing Commission
20 issued a revised Guidelines Manual in 2021, the revision
21 did not alter the base offense level for crimes
22 involving more than 45 kilograms of methamphetamine.
23 See U.S.S.G. § 2D1.1 (Nov. 2021).  Accordingly, any
24 revision to the guidelines is not applicable here, and
25 the Court cautions Defendant to carefully review the law
26 before filing another redundant motion.  See Order
27 Denying Def.'s Mot. for Sentence Reduction, ECF No. 502
28 (denying Defendant's motion for sentence reduction

because the 2018 Guidelines Manual applied the same offense level as the 1997 Guidelines Manual used at Defendant's sentencing).

Next, the Court denies Defendant's Motion to the extent that he seeks a sentence reduction pursuant to the First Step Act.  The First Step Act established a three-step process for a defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A): (1) the defendant must exhaust administrative remedies; (2) a district court may grant compassionate release only if extraordinary and compelling reasons warrant such a reduction and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court must also consider the factors set forth in Section 3553(a) to the extent they are applicable.  See United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citations and internal quotation marks omitted).

To exhaust administrative remedies, a defendant must request compassionate release from the warden of his facility of incarceration and may not file a sentence reduction motion in the district court until at least thirty days after the warden receives the request. 18 U.S.C. § 3582(c)(1)(A).  "[A] district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement." United States v. Keller, 2 F.4th 1278, 1280 (9th Cir. 2021).

Here, the Government has properly invoked the requirement, and Defendant is thus required to exhaust administrative remedies. Government's Opp'n to Def.'s Mot. ("Opp'n") 10:22-26, ECF No. 603. Defendant previously filed a motion to reduce his sentence based on the First Step Act in 2019. See generally Def.'s 2019 Mot. for Sentence Reduction, ECF No. 486. There, Defendant appears to have properly exhausted his administrative remedies. See id. at 6. But "at a minimum, a new request with the warden is necessary when there are material changes in circumstances from the time a prior request for compassionate release was filed." United States v. Bolanos, No. 1:13-cr-0362-AWI-1, 2021 WL 929661, at *3 (E.D. Cal. Mar. 11, 2021); see also United States v. Keller, 2 F.4th 1278, 1283 (9th Cir. 2021) (commenting that an administrative request that served as the predicate for an initial motion could not serve to satisfy the administrative exhaustion requirement for a second motion premised on changed circumstances). This Motion is premised on different grounds than Defendant's earlier motion was, including new case law. See generally Def.'s 2022 Mot. for Sentence Reduction ("Mot."), ECF No. 595. Accordingly, Defendant was required to exhaust his administrative remedies prior to filing this Motion, and he has failed to do so. Defendant has not pled that he has submitted an administrative request to the warden of his facility of incarceration, nor has he provided evidence that he

4

1  made such a request.  See generally id.  Therefore, the
2  Court **DENIES** Defendant's Motion to reduce his sentence
3  pursuant to the First Step Act.
4      Third, the Court **DENIES** Defendant's Petition to
5  Amend Motion for Sentence Reduction.  The argument
6  relied upon by Defendant in his Petition is redundant of
7  the arguments already made by Defendant regarding the
8  alleged applicability of Amendment 782 and the First
9  Step Act.  See generally Def.'s Pet. to Am. Mot. for
10 Sentence Reduction, ECF No. 606.
11     Finally, the Court also **DENIES** Defendant's Motion
12 to Compel Judgment as moot.  Defendant contends that
13 under Federal Rule of Civil Procedure 12(c) he may
14 "compel" the Court to issue judgment on his Motion and
15 Petition.  See generally Def.'s Mot. to Compel Judgment,
16 ECF No. 615.  This is incorrect.  Rule 12(c) does not
17 provide a means to compel a court's judgment.  Rather,
18 Rule 12(c) states that "[a]fter the pleadings are
19 closed—but early enough not to delay trial—a party may
20 move for judgment on the pleadings."  Fed. R. Civ. P.
21 12(c).  Moreover, it is improper for Defendant to move
22 the Court to render judgment within the timeframe he
23 sees fit.  Regardless, since the Court now issues
24 judgment on his Motion and Petition, Defendant's Motion
25 to Compel Judgment is moot.  Therefore, the Court **DENIES**
26 Defendant's Motion to Compel Judgment and again cautions
27 Defendant to carefully review the law before filing
28 another improper motion.

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant's Motion for Sentence Reduction, Petition for Leave to Amend, and Motion to Compel Judgment.

**IT IS SO ORDERED.**

DATED: February 7, 2023      /S/ RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge